**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRIAN ANTHONY BURKE, | : | Civil Action No. 07-3623 (MLC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **O P I N I O N** |
| v. | : |  |
|  | : |  |
| OCEAN COUNTY PROSECUTOR'S | : |  |
| OFFICE, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**APPEARANCES:**

Brian Anthony Burke, <u>Pro</u> <u>Se</u>, #3188884
Monmouth County Correctional Institution
1 Waterworks Road, Freehold, NJ 07728

**COOPER, District Judge**

Plaintiff, a prisoner at the Monmouth County Correctional Institution, Freehold, New Jersey, seeks to bring a civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.[1]  Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed

---

[1]  This action was administratively terminated on August 6, 2007 for failure to submit a proper <u>in</u> <u>forma</u> <u>pauperis</u> application. On August 23, 2007, Plaintiff submitted a complete application, and on August 28, 2007, this Court reopened the case.

as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed without prejudice.

### BACKGROUND

Plaintiff states that on July 18, 2006, his family home was "raided" by the Ocean County Strike Force and two of his dogs were killed by officers.  Plaintiff alleges that an officer came into the home shouting at his sister and her two children.  He contends that $10,000 worth of damage was done to the home and that no drugs or weapons were found.  Plaintiff states that the "wrongful deaths" of his dogs were blamed on "the dog catcher or vet."  (Compl., ¶ 6).

Plaintiff alleges that he was stopped on that same day in a motor vehicle and was "punched, kicked and called racial names, using excessive force and denying [him] medical attention until [he] was transported to Lakewood Police Station where [he] was transported to Kimball Medical Center where x-rays and cat scans [were] taken and [he] was sent to Ocean County Jail."  (Compl., ¶ 6).

Plaintiff also states that his name and address were published in the Asbury Park Press and Ocean County Observer newspapers, which described him as an informant in a murder and that he was facing drug charges.  (Compl., ¶ 4).

Plaintiff seeks to sue the following defendants: Ocean County Prosecutor's Office, for releasing information to the newspapers and jeopardizing his family's life; the Ocean County Strike Force, for killing his dogs and the assault on his person on July 18, 2006; the Asbury Park Press and Ocean County Observer, for publishing articles about him; the Lakewood Police Department, for not protecting him from the Ocean County Strike Force; and Lakewood Township, for the circumstances surrounding the killing of the dogs.  Plaintiff requests monetary relief.

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA") was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  To curtail meritless prisoner suits, the PLRA requires — under 28 U.S.C. § 1915A(b) — that a court dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should

3

"accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

     A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B.   42 U.S.C. § 1983**

     A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights.  To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Claims Against Newspapers**

     Plaintiff seeks to sue the Asbury Park Press and Ocean County Observer for publishing articles about his situation.  But these private newspaper defendants are not state actors subject

4

to liability under § 1983.  Plaintiff alleges no facts indicating

that they should be construed as state actors.  Thus, any claim

asserted against them under § 1983 must be dismissed for failure

to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).  To the extent that Plaintiff is asserting claims of

libel, slander, or defamation against these non-state actors

under state law, the Court will decline to exercise supplemental

jurisdiction over those claims.  See 28 U.S.C. § 1367(c)(3).[2]

**D.    Claims Regarding Death of Pets**

Plaintiff seeks to sue the Ocean County Strike Force, the

Lakewood Police Department, and the Township of Lakewood, for the

deaths of his two pet dogs.[3]  Plaintiff does not name as a

---

[2]  A district court, upon dismissing all claims over which
there is original jurisdiction, may decline to exercise
supplemental jurisdiction over a related state law claim.  28
U.S.C. § 1367(c)(3).  Where all federal claims are dismissed
before trial, "the district court must decline to decide the
pendent state claims unless considerations of judicial economy,
convenience, and fairness to the parties provide an affirmative
justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123
(3d Cir. 2000) (citations omitted).  As no such extraordinary
circumstances appear to be present, this Court will dismiss these
potential state law claims without prejudice.

[3]  The Lakewood Police Department is not a local government
unit that can be sued under § 1983. See Padilla v. Twp. of Cherry
Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004) (holding in Section
1983 actions, police department cannot be sued in conjunction
with municipality, as police department is merely administrative
arm of local municipality, and is not separate judicial entity).
This Court will construe the claims against the police department
as against the Township of Lakewood, a named defendant.

defendant any individual officer responsible for the deaths of
these pets.

The "killing of a person's dog by a law enforcement officer
constitutes a seizure under the Fourth Amendment."  Brown v.
Muhlenberg Twp., 269 F.3d 205, 210 (3d Cir. 2001).  Thus, to be
constitutionally permissible, the officer's seizure must have
been "reasonable."  See id.  But a defendant is not liable for
any such constitutional deprivation unless "'there is a direct
causal link between a municipal policy or custom and the alleged
constitutional deprivation.'"  See id. at 214 (quoting City of
Canton v. Harris, 489 U.S. 378, 385 (1989)).  There are two ways
to show a direct causal link: (1) if a defendant is alleged to
have caused a constitutional tort through a policy statement,
ordinance, regulation, or decision officially adopted and
promulgated by its officers; or (2) when a custom, or usage, for
§ 1983 purposes has the force of law by virtue of the persistent
practices of government officials.  Brown, 269 F.3d at 215.

Plaintiff here has not alleged facts supporting a claim for
municipal liability.  Plaintiff has failed to allege facts either
indicating any official policy endorsing the unnamed officer's
conduct, or establishing the existence of an unconstitutional
governmental custom.  Therefore, the Court will dismiss the
claims against the Township defendants regarding the killing of
the dogs.

The claims against the Ocean County Strike Force as to the
killing of the dogs also must be dismissed, as Plaintiff does not
name as defendants any individual officer responsible for the
deaths.

**E.    Claims Regarding Statement to Press**

Plaintiff names the Ocean County Prosecutor's Office as a
defendant, stating that it jeopardized his life by telling the
newspapers that he was an informant in a murder case and that
there were drug charges pending against him.  Plaintiff indicates
that the story reported to the press "wasn't true jeopardizing my
life and my family's life".  (Compl., ¶ 4(b)).

Plaintiff has alleged facts indicating a § 1983 claim as to
the Prosecutor's allegedly false statements to the press,
sufficient to avoid <u>sua</u> <u>sponte</u> dismissal.  <u>See</u> <u>Buckley v.
Fitzsimmons</u>, 509 U.S. 259 (1993) (holding prosecutor was not
entitled to absolute immunity in § 1983 case for out-of-court
statements to press).  But Plaintiff has not named as a proper
defendant the person whom Plaintiff alleges made these statements
to the press.  He names only the Ocean County Prosecutor's Office
in this regard.  Therefore, Plaintiff will be permitted to file
an amended claim here, naming a proper personal defendant.

**F.    Claim Regarding Assault**

Plaintiff claims that he "was assaulted on July 18, 2006 by
officers by being punched [] and called racial names at Andrews

Corner in Lakewood after I was stopped by [an] unmarked unit."
(Compl., ¶ 4(c)).  He names as a defendant to this claim the
Ocean County Strike Force.  Plaintiff alleges facts indicating
that he received injuries as a result of the assault, as he
states that he was eventually treated at a medical center.

A claim of excessive force by law enforcement officials in
the course of an arrest, investigatory stop, or other seizure of
a free citizen is analyzed under the Fourth Amendment's
reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395
(1989); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997);
United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997).
The reasonableness inquiry is an objective one: "the question is
whether the officers' actions are 'objectively reasonable' in
light of the facts and circumstances confronting them, without
regard to their underlying intent or motivation."  Graham, 490
U.S. at 397; see Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir.
1996); Baker v. Monroe Twp., 50 F.3d 1186, 1193 (3d Cir. 1995).
It "requires careful attention to the facts and circumstances of
each particular case, including the severity of the crime at
issue, whether the suspect poses an immediate threat to the
safety of the officers or others, and whether he is actively
resisting arrest or attempting to evade arrest by flight."
Graham, 490 U.S. at 396.

Plaintiff has alleged facts sufficient to avoid <u>sua</u> <u>sponte</u> dismissal; nevertheless, he has not named a proper defendant, <u>i.e.</u>, the officers who committed the assault against him. Plaintiff will be permitted to file an amended complaint to address this deficiency.

## CONCLUSION

Based on the foregoing, the complaint will be dismissed without prejudice. <u>See</u> <u>Alston v. Parker</u>, 363 F.3d 229, 234 n.7 (3d Cir. 2004) (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of the complaint, he may file an amended complaint in accordance with the attached Order.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated: <u>February 4, 2008</u>

9